# UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2025 DEC 19 A 9:54

CLERK OF COURT

## EASTERN DISTRICT OF WISCONSIN

LAWRENCE HOWARD,

Plaintiff,

v.

MILWAUKEE COUNTY;

JOHN DOE JAIL SUPERVISORS 1–5;

JOHN DOE CORRECTIONAL OFFICERS 1–10;

JOHN DOE MEDICAL PROVIDERS 1–5,

Defendants.

Case No. **25-C 1996**

# CIVIL RIGHTS COMPLAINT

## (42 U.S.C. § 1983 — JURY TRIAL DEMANDED)

# I. JURISDICTION AND VENUE

This action is brought pursuant to 42 U.S.C. § 1983 for violations of rights secured by the First and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).
3. Venue is proper under 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred at the Milwaukee County Jail in Milwaukee, Wisconsin.

# II. PARTIES

Plaintiff Lawrence Howard was a pretrial detainee, not convicted of any crime, confined at Milwaukee County Jail from approximately June 16 through June 20 or 21, 2025.

2. Defendant Milwaukee County operates and is legally responsible for the policies, customs, practices, staffing, medical services, and conditions of confinement at Milwaukee County Jail.
3. Defendants John Doe Jail Supervisors were responsible for intake procedures, housing decisions, grievance access, staffing practices, and detainee welfare.
4. Defendants John Doe Correctional Officers were responsible for custody, supervision, and ensuring access to basic necessities and jail services.
5. Defendants John Doe Medical Providers were responsible for providing constitutionally adequate medical care.
6. All individual defendants are sued in their individual and official capacities.

# III. FACTUAL ALLEGATIONS

## A. Intake and Prolonged Holding

1. On or about June 16, 2025, Plaintiff arrived at Milwaukee County Jail between approximately 1:00 p.m. and 3:00 p.m.

2. Plaintiff was placed in an intake holding area, physically restrained, and remained there for approximately eight (8) hours.

3. Plaintiff was then moved to a secondary holding cell and remained confined for an additional twenty-four (24) hours, resulting in approximately thirty-two (32) continuous hours in holding.

4. During this time:

   - Plaintiff was housed with approximately 12–14 detainees;
   - No beds, bunks, or sleeping mats were provided;
   - Plaintiff was forced to sleep on bare concrete;
   - The confinement was not justified by any emergency or security incident.

5. This prolonged holding exceeded reasonable administrative intake time and constituted punitive confinement of a pretrial detainee.

## B. Inadequate Nutrition and Basic Necessities

1. During the prolonged holding period, Plaintiff was provided only two bologna sandwiches within a 24-hour period, and on some occasions fewer.

2. Plaintiff received no nutritionally adequate meals, causing hunger and physical discomfort.

3. These conditions failed to meet minimal constitutional standards for detainee nutrition and humane treatment.

## C. Denial of Access to the Grievance Process

1.

   While in holding, Plaintiff requested a grievance form from correctional staff.
2. Staff refused and instructed Plaintiff that grievances could be addressed after transfer to housing.
3. Upon transfer to general population, Plaintiff was informed that grievances could only be filed electronically.
4. Plaintiff was never issued a personal tablet, despite being housed in a two-person cell and despite other similarly situated detainees receiving individual tablets.
5. Correctional staff falsely stated that Plaintiff's cell was "already assigned" a tablet, depriving Plaintiff of independent access.
6. Plaintiff attempted to use public kiosks to file grievances, but grievance options were inaccessible or unclear, and staff refused to provide assistance.
7. Plaintiff's kiosk login attempts are reflected in jail system records.
8. As a result, Plaintiff was effectively denied access to the grievance system.

## D. Unequal Access to Jail Services

1.

   Tablets were required for:

   - 

   Filing grievances;
   - Ordering commissary;
   - Communicating with jail services.

2.

   Plaintiff was denied equal access to these services without explanation or justification.

## E. Medical Emergency and Compelled Disclosure

1. On or about June 18, 2025, between approximately 12:00 a.m. and 1:00 a.m., Plaintiff experienced chest pain and declared a medical emergency.
2. A medical provider responded but repeatedly refused to provide care unless Plaintiff disclosed unrelated prior medical information.
3. Plaintiff repeatedly reported chest pain and requested treatment.
4. The medical provider initially walked away and refused care.
5. Plaintiff was escorted into a non-private area, where he was compelled to disclose a chronic medical condition as a condition of receiving medical treatment.
6. The disclosure was unrelated to the immediate medical emergency and was not necessary for diagnosis or treatment.
7. Only after this compelled disclosure did medical staff provide care.

## F. Extended Lockdowns and Staffing Practices

1. Following intake, Plaintiff was subjected to a continuous lockdown lasting approximately twenty-four (24) to twenty-five (25) hours.
2. Thereafter, Plaintiff was routinely confined to his cell for eighteen (18) to twenty (20) hours per day.
3. Correctional staff stated that these extended lockdowns were due to staffing shortages, not emergencies or security incidents.
4. Staffing shortages were treated as a routine operational condition rather than an extraordinary circumstance.

# IV. CLAIMS FOR RELIEF

## COUNT I

Fourteenth Amendment — Unconstitutional Conditions of Confinement

(Bell v. Wolfish; Rhodes v. Chapman)

1. Plaintiff realleges paragraphs 1–38.
2. Defendants subjected Plaintiff, a pretrial detainee, to conditions amounting to punishment without adjudication, including prolonged holding, overcrowding, sleep deprivation, extended lockdowns, and inadequate nutrition.
3. These conditions were not reasonably related to a legitimate governmental objective and violated the Fourteenth Amendment.

## COUNT II

Fourteenth Amendment — Deliberate Indifference to Serious Medical Needs

(Kingsley v. Hendrickson; Estelle v. Gamble)

1. Chest pain constitutes a serious medical condition.
2. Defendants knowingly delayed and conditioned medical care on compelled disclosure of unrelated medical information.
3. Defendants' actions were objectively unreasonable and violated Plaintiff's right to adequate medical care.

## COUNT III

Fourteenth Amendment — Informational Privacy

1. Defendants compelled Plaintiff to disclose a chronic medical condition in a non-private setting as a condition of receiving care.
2. This disclosure violated Plaintiff's constitutional right to medical confidentiality and bodily privacy.

## COUNT IV

First and Fourteenth Amendments — Denial of Access to Grievance Process

1. Defendants obstructed Plaintiff's ability to access and utilize the grievance system.
2. Plaintiff was denied meaningful access to administrative remedies.

## COUNT V

Municipal Liability — Milwaukee County

(Monell v. Dep't of Social Services)

1. The constitutional violations resulted from Milwaukee County's policies, customs, and practices, including:

-

Chronic understaffing;
- Prolonged intake holding practices;
- Inadequate medical response protocols;
- Systemic denial of grievance access.

# V. DAMAGES AND RELIEF

Plaintiff seeks:

- Compensatory damages;
- Punitive damages against individual defendants;
- Declaratory relief;
- Injunctive relief;
- Costs and attorney's fees under 42 U.S.C. § 1988.

# VI. JURY DEMAND

Plaintiff demands a trial by jury.

Lawrence Howard

LAWRENCE HOWARD

Plaintiff, Pro Se

120 East National Ave., Apt. 106

Milwaukee, WI 53204

Phone: (414) 439-5245

Email: lawrenceh2039@gmail.com

12-9-2025