UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE HOWARD,

          Plaintiff,

      v.                              Case No. 25-CV-1996

MILWAUKEE COUNTY, et al.,

          Defendants.

## SCREENING ORDER

Plaintiff Lawrence Howard, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. The Court has reviewed the affidavit submitted in support of the motion for leave to proceed without prepayment of the filing fee and concludes that Plaintiff lacks sufficient income and/or assets to pay the filing fee. Accordingly, the motion for leave to proceed without prepayment of the filing fee is granted.

### SCREENING OF THE COMPLAINT

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

**ANALYSIS**

Plaintiff was housed at the Milwaukee County Jail from June 16 to June 20 or 21, 2025. Plaintiff seeks to pursue claims based on allegations that (1) his prolonged holding exceeded reasonable administrative intake time; (2) he did not receive nutritionally adequate meals; (3) he was denied access to the grievance process; (4) he was denied equal access to jail services without explanation or justification; (5) he did not receive adequate medical treatment for his chest pain; and (6) he was subjected to extended lockdowns and staffing shortages. The complaint must be dismissed because Plaintiff improperly brings unrelated claims in a single case.

As instructed by the Seventh Circuit, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

The incidents Plaintiff describes in his complaint occurred on different days and involved different people. The purported claims against the defendants do not arise out of the same

2

transaction or occurrence nor do they share common questions of law or fact. For example, the factual and legal underpinnings of Plaintiff's claim that he was denied access to the grievance process will have nothing in common with the factual and legal underpinnings of his claim that he was not provided adequate medical care. Plaintiff's complaint therefore violates Rules 18 and 20. If Plaintiff wants to continue with this action, he must file an amended complaint that contains only related claims.

Moreover, as Plaintiff considers which claims to pursue, he is reminded that § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Further, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under § 1983, nor does § 1983 create collective or vicarious responsibility. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). This means that only the individual(s) who are allegedly responsible for a violation will be liable. A supervisor is not liable for the alleged misconduct of his or her subordinates unless a plaintiff can demonstrate that the supervisor turned a blind eye to the misconduct while it was occurring. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) To be clear, a supervisor failing to discipline a subordinate for a completed act is not the same as a supervisor turning a blind eye to an ongoing act.

If Plaintiff wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. An amended complaint must be filed on or before **January 29, 2026**.

Should Plaintiff choose to file an amended complaint with only related claims, it will replace the original complaint and must be complete in itself without reference to the original

3

complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998).  Plaintiff should prepare his amended complaint like he is telling a story to someone who knows nothing about the facts of his case.  In other words, he should explain (1) what happened; (2) who was involved; (3) when it happened; and (4) how he was impacted by what happened.  If Plaintiff chooses not to file an amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepaying the full filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint submitted on December 19, 2025, is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on or before **January 29, 2026**, which contains only related claims in accordance with this order.  If he does not file an amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on December 29, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

4