UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 JAN -5 A 8: 47

CLERK OF COURT

LAWRENCE HOWARD

120 E. National Avenue, Apt. 106

Milwaukee, WI 53204

Phone: 414-439-5245

Email: lawrenceh2039@gmail.com

Plaintiff,

v.

JOHN DOE MEDICAL STAFF MEMBER

(Last Known Place of Employment)

Milwaukee County Jail

949 N. 9th Street

Milwaukee, WI 53233

Defendant.

Case No. 25-CV-1996-BBC

# AMENDED COMPLAINT

(42 U.S.C. § 1983 – Fourteenth Amendment)

# I. JURISDICTION

This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

2. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

## II. PARTIES

Plaintiff Lawrence Howard was a pretrial detainee housed at the Milwaukee County Jail in June 2025.

2. Defendant John Doe Medical Staff Member was employed by or contracted with the Milwaukee County Jail and acted under color of state law at all relevant times.

3. Defendant John Doe Medical Staff Member is sued in his individual capacity.

4. Defendant's identity is currently unknown to Plaintiff and will be determined through discovery. Defendant's last known place of employment is the Milwaukee County Jail, located at 949 N. 9th Street, Milwaukee, Wisconsin.

## III. STATEMENT OF FACTS

On June 18, 2025, between approximately 12:00 a.m. and 1:00 a.m., Plaintiff experienced acute chest pain and difficulty breathing while confined in his cell at the Milwaukee County Jail.

2. Chest pain and difficulty breathing are symptoms that a reasonable person would recognize as requiring immediate medical evaluation due to the risk of serious and potentially life-threatening harm.

3. Plaintiff activated the emergency call button and requested immediate medical assistance.

4. Despite reporting chest pain and difficulty breathing, Plaintiff did not receive medical attention for approximately 30 to 45 minutes and was required to activate the call button multiple times.

5. When Defendant arrived, Plaintiff informed him that he was experiencing chest pain and difficulty breathing.

6. Rather than promptly assessing or treating Plaintiff's acute condition, Defendant repeatedly demanded that Plaintiff disclose his prior medical history, despite Plaintiff clearly stating that he was experiencing chest pain and could not breathe normally.

7. Plaintiff was questioned in a public area outside his cell, where other inmates could hear the conversation, without any medical necessity.

8. Defendant refused to provide medical treatment and stated that Plaintiff would not receive care unless he disclosed unrelated chronic medical information.
9. Plaintiff was escorted to another hallway, where Defendant again conditioned medical treatment on Plaintiff's disclosure of his medical history.
10. Fearing denial of care for a potentially life-threatening medical emergency, Plaintiff was coerced into disclosing private medical information that was not necessary to evaluate or treat chest pain or breathing distress.
11. Plaintiff later received x-ray imaging the following morning, confirming that medical evaluation was warranted.
12. Defendant's delay in providing care, refusal to treat an emergent condition, and coercive conditioning of care caused Plaintiff unnecessary pain, severe anxiety, humiliation, and exposure to an unreasonable risk of serious medical harm.

# IV. CLAIM FOR RELIEF

Fourteenth Amendment -- Denial of Adequate Medical Care

1. Plaintiff had an objectively serious medical need, including acute chest pain and difficulty breathing.
2. Defendant's conduct—including delaying medical care for an emergent condition, refusing treatment, and conditioning access to medical care on coerced disclosure of unrelated medical history—was objectively unreasonable under the circumstances.
3. Defendant's actions lacked any legitimate governmental or medical justification and violated Plaintiff's rights under the Fourteenth Amendment, actionable pursuant to 42 U.S.C. § 1983.

# V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court award:

A. Compensatory damages

B. Punitive damages

C. Declaratory relief

D. Costs of this action and any other relief the Court deems just and proper

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: January 5, 2026

Respectfully submitted,

Lawrence Howard

Plaintiff, Pro Se