UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE HOWARD,

        Plaintiff,

        v.                                            Case No. 25-CV-1996

JOHN DOE
Medical Staff Member,

        Defendant.

---

## SCREENING ORDER

---

      Plaintiff Lawrence Howard filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On December 29, 2025, the Court screened and dismissed the original complaint for violating Federal Rules of Civil Procedure 18 and 20 but gave Plaintiff an opportunity to file an amended complaint that only contained related claims and defendants. Dkt. No. 4. Plaintiff filed an amended complaint on January 5, 2026.

### SCREENING OF THE AMENDED COMPLAINT

      District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

According to the amended complaint, Plaintiff was a pretrial detainee housed at the Milwaukee County Jail in June 2025. On June 18, 2025, between 12:00 a.m. and 1:00 a.m., Plaintiff experienced acute chest pain and difficulty breathing. Plaintiff activated the emergency call button and requested immediate medical assistance. Despite reporting chest pain and difficulty breathing, Plaintiff did not receive medical attention for approximately 30 to 45 minutes and was required to activate the call button multiple times. When Defendant John Doe Medical Staff Member arrived at Plaintiff's cell, Plaintiff informed him that he was experiencing chest pain and difficulty breathing. Rather than promptly assessing or treating Plaintiff's condition, Defendant repeatedly demanded that Plaintiff disclose his prior medical history. Plaintiff asserts

2

that he was questioned in a public area outside of his cell and that other inmates could hear the conversation. Am. Compl. at 2, Dkt. No. 5.

Plaintiff maintains that Defendant refused to provide medical treatment and stated that Plaintiff would not receive care until he disclosed unrelated medical information to Defendant. Defendant escorted Plaintiff to another hallway and "conditioned medical treatment on Plaintiff's disclosure of his medical history." *Id.* at 3. Plaintiff disclosed his private medical information to Defendant. He later received x-ray imaging the following morning. *Id.*

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Because Plaintiff was a pretrial detainee at the relevant time, the Fourteenth Amendment's objective unreasonableness standard applies to his allegation that Defendant failed to adequately respond to his complaints of chest pain and difficulty breathing. Under this standard, once a pretrial detainee shows that a jail official's failure to act was purposeful and intentional, the sole question is an objective one: Did the defendant "take reasonable available measures to abate the risk of serious harm?" *Pittman v. Madison Cty.*, 108 F.4th 561, 566, 572 (7th Cir. 2024). "The objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable [jail official] in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570. Thus, to state a claim under the Fourteenth Amendment

3

standard, a plaintiff must allege that (1) the defendant acted purposefully, knowingly, or perhaps even recklessly, without regard to his subjective awareness of the risk of inaction and (2) the defendant's response to the medical condition was objectively unreasonable. *Id.* at 570–72. With this standard in mind, the Court will allow Plaintiff to proceed on a Fourteenth Amendment claim against Defendant John Doe Medical Staff Member based on his allegation that Defendant delayed providing care and refused to treat Plaintiff's emergent condition.

Because Plaintiff does not know the medical staff member's name, the Court will add Milwaukee County Sheriff Denita Ball as a defendant for the limited purpose of helping Plaintiff identify the medical staff member. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Ball does not have to respond to the amended complaint. After Sheriff Ball's attorney files an appearance in this case, Plaintiff may serve discovery requests upon Sheriff Ball (by mailing the requests to her attorney at the address in the notice of appearance) to obtain information that will help him identify the medical staff member.

For example, Plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Plaintiff does not state a claim against Sheriff Ball, Plaintiff's discovery requests must be limited to information or documents that will help him learn the medical staff member's name. Plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is under no obligation to respond to requests about any other topic.

After Plaintiff learns the name of the medical staff member, he should file a motion to substitute the medical staff member's name for the John Doe placeholder. Generally, a plaintiff must file an amended complaint when adding a defendant, but because Plaintiff is *pro se* and his allegations against the medical staff member are clearly stated in the amended complaint, the Court will allow him to substitute the medical staff member's name for the placeholder. The Court will

dismiss Sheriff Ball as a defendant once Plaintiff identifies the medical staff member's name. After the medical staff member has an opportunity to respond to Plaintiff's amended complaint, the Court will set a deadline for discovery. During discovery, Plaintiff may serve discovery requests to obtain the information he believes he needs to prove his claim.

Plaintiff must identify the name of the John Doe Defendant within sixty days of Sheriff Ball's attorney filing a notice of appearance. If he does not or does not explain to the Court why he is unable to do so, the Court may dismiss this case based on Plaintiff's failure to diligently pursue it. *See* Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Milwaukee County Sheriff Denita Ball shall be added as a Defendant for the limited purpose of helping Plaintiff identify the name of the John Doe Defendant. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of the amended complaint and this order shall be electronically sent today to Milwaukee County for service on Sheriff Ball.

**IT IS FURTHER ORDERED** that Sheriff Ball does not have to respond to the amended complaint; however, she shall respond to discovery requests that Plaintiff serves in an effort to identify the John Doe's name. Sheriff Ball does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Plaintiff must identify the Doe Defendant's name within 60 days of Sheriff Ball's attorney filing a notice of appearance. If Plaintiff does not identify the Doe Defendant's name by the deadline or advise the Court why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

5

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on January 7, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge
