# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

LAWRENCE HOWARD

120 E. National Avenue, Apt. 106

Milwaukee, WI 53204

Phone: 414-439-5245

Email: lawrenceh2039@gmail.com


Plaintiff,

v.


JEFFREY GRUENKE

Supervisor, Wellpath

Contract Medical Provider

Milwaukee County Jail

949 North 9th Street

Milwaukee, Wisconsin 53233

Defendant.


Case No. 25-CV-1996

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 MAR 10 A 10: 42

CLERK OF COURT


## AMENDED COMPLAINT

(42 U.S.C. § 1983 — Fourteenth Amendment)


## I. JURISDICTION

1. This action is brought pursuant to **42 U.S.C. § 1983** for violations of Plaintiff's rights secured by the **Fourteenth Amendment** to the United States Constitution.

2. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343** because this action arises under federal law and seeks redress for the deprivation of constitutional rights under color of state law.

## II. PARTIES

3. Plaintiff **Lawrence Howard** was a pretrial detainee housed at the **Milwaukee County Jail** in Milwaukee, Wisconsin during June 2025.

4. Defendant **Jeffrey Gruenke** was, at all relevant times, a medical supervisor employed by **Wellpath**, a private entity contracted to provide medical services at the Milwaukee County Jail.

5. In providing medical services to incarcerated individuals within the jail, Defendant acted **under color of state law** for purposes of **42 U.S.C. § 1983**.

6. Defendant is sued in his **individual capacity**.

## III. STATEMENT OF FACTS

7. On **June 18, 2025**, between approximately **12:00 a.m. and 1:00 a.m.**, Plaintiff experienced acute chest pain and difficulty breathing while confined in his cell at the Milwaukee County Jail.

8. Chest pain accompanied by respiratory distress constitutes a serious medical presentation that a reasonable medical provider would recognize as posing a substantial risk of serious or life-threatening harm requiring prompt medical evaluation.

9. Plaintiff activated the **emergency call button** in his cell requesting immediate medical assistance.

10. Despite Plaintiff reporting chest pain and difficulty breathing, medical personnel were not dispatched for approximately **10 to 30 minutes**, or possibly longer, during which Plaintiff activated the emergency call button multiple times.

11. Defendant **Jeffrey Gruenke** eventually responded to the call.

12. When Defendant arrived, Plaintiff again reported **chest pain and breathing difficulty** and requested immediate medical evaluation.

13. Defendant was aware that Plaintiff was reporting symptoms consistent with a potentially serious medical emergency requiring prompt medical assessment.

14. Rather than promptly evaluating or treating Plaintiff's acute condition, Defendant repeatedly demanded that Plaintiff disclose **prior or chronic medical history unrelated to the presenting symptoms**.

15. Plaintiff was escorted from his cell area to another enclosed hallway within the facility where the interaction occurred in the presence of correctional staff.

16. Two correctional officers were present during the exchange: **Lieutenant Emanuele** and **Officer Nieves**.

17. In that setting, Defendant conditioned access to medical care on Plaintiff's disclosure of unrelated medical history, requiring Plaintiff to reveal confidential medical information in front of the officers.

18. The information demanded by Defendant was **not necessary to evaluate or treat Plaintiff's immediate symptoms** of chest pain and respiratory distress.

19. Facing continued denial of medical care during what appeared to be a serious medical emergency, Plaintiff felt compelled to disclose confidential medical information unrelated to the presenting symptoms.

20. Plaintiff did not receive diagnostic imaging until approximately **6:00 a.m.,** several hours after the initial incident.

21. Although the imaging later performed did not reveal acute findings, the absence of findings does not negate the seriousness of the symptoms reported or the need for timely medical evaluation when care was first requested.

22. Defendant's delay in responding to a medical emergency, refusal to conduct a timely medical assessment, and conditioning access to care on coerced disclosure exposed Plaintiff to an unreasonable risk of serious medical harm.

23. As a direct result of Defendant's conduct, Plaintiff experienced prolonged physical pain, anxiety, humiliation, emotional distress, and psychological trauma while his condition remained unassessed.

## IV. IDENTIFICATION OF DEFENDANT

24. The identity of Defendant **Jeffrey Gruenke** was confirmed through review of medical records produced in discovery.

25. An **Emergency Response Scribe Sheet** produced by Defendant identifies **"Gruenke"** as the **Lead Responding Staff Member** during the medical response to Plaintiff's complaint of chest pain.

26. The produced copy of this document appears **partially truncated**, with the portion identifying responding staff cut off in the version provided to Plaintiff.

27. Federal Rule of Civil Procedure **34(b)(2)(E)** requires documents to be produced as kept in the ordinary course of business or in a **reasonably usable form**.

28. Despite the incomplete reproduction of the document, the record clearly identifies **Gruenke as the lead responding medical staff member** involved in the incident.

## V. CLAIM FOR RELIEF

Fourteenth Amendment Denial of Adequate Medical Care

29. Plaintiff had an **objectively serious medical need**, including acute chest pain and respiratory distress.

30. Defendant was aware of Plaintiff's reported symptoms and the substantial risk of harm they posed.

31. Under the **Fourteenth Amendment**, pretrial detainees are protected from objectively unreasonable denial or delay of necessary medical care.

See **Kingsley v. Hendrickson, 576 U.S. 389 (2015)** and

**Miranda v. County of Lake, 900 F.3d 335 (7th Cir. 2018).**

32. Defendant's conduct—including delaying response to a potentially life-threatening medical complaint, refusing to conduct a timely medical evaluation, and conditioning access to emergency medical care on disclosure of unrelated medical history in the presence of correctional officers—was **objectively unreasonable under the circumstances.**

33. Defendant's actions lacked legitimate medical justification and violated Plaintiff's rights under the **Fourteenth Amendment**, actionable pursuant to **42 U.S.C. § 1983.**

## VI. RELIEF REQUESTED

Plaintiff requests that the Court:

A. Award **compensatory damages** for physical pain, emotional distress, trauma, humiliation, and constitutional injury;

B. Award **punitive damages** sufficient to deter similar misconduct;

C. Grant **declaratory relief** recognizing the violation of Plaintiff's constitutional rights; and

D. Award **costs of this action** and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

03/10/2026

Respectfully submitted,

Lawrence Howard

Plaintiff, Pro Se