LAWRENCE HOWARD,

        Plaintiff,

        v.                               Case No. 25-CV-1996

JOHN DOE,

        Defendant.

# SCREENING ORDER

Plaintiff Lawrence Howard is representing himself in this 42 U.S.C. § 1983 action. He is proceeding on a Fourteenth Amendment claim based on his allegation that an unidentified medical staff member at the Milwaukee County Jail delayed providing medical care and refused to treat his chest pain and difficulty breathing on June 18, 2025. Dkt. No. 6. Because Plaintiff did not know the name of the medical staff member, the Court directed Sheriff Denita Ball to help Plaintiff identify the defendant. *Id.* On March 10, 2026, Plaintiff filed a proposed second amended complaint, naming Jeffrey Gruenke as a defendant. Dkt. No. 13. The Court accepts Plaintiff's second amended complaint and will screen it pursuant to 28 U.S.C. § 1915A(b).

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

According to the second amended complaint, Plaintiff was a pretrial detainee housed at the Milwaukee County Jail. On June 18, 2025, between approximately 12:00 a.m. and 1:00 a.m., Plaintiff experienced acute chest pain and difficulty breathing while confined in his cell. Plaintiff activated the emergency call button in his cell and requested immediate medical assistance.

2

Despite Plaintiff reporting chest pain and difficulty breathing, Plaintiff did not receive medical attention for approximately 10 to 30 minutes and was required to activate the call button multiple times. When Defendant Jeffrey Gruenke arrived at Plaintiff's cell, Plaintiff informed him that he was experiencing chest pain and difficulty breathing. Rather than promptly assessing or treating Plaintiff's condition, Defendant repeatedly demanded that Plaintiff disclose his prior medical history unrelated to his presenting symptoms. Plaintiff was escorted from his cell to an enclosed hallway where correctional staff could hear the conversation. Dkt. No. 13 at 2.

Plaintiff maintains that Defendant refused to provide medical treatment until Plaintiff disclosed unrelated medical information. As a result, Plaintiff disclosed his private medical information to Defendant. Plaintiff did not receive diagnostic imaging until approximately 6:00 a.m. Although the imaging did not reveal acute findings, Plaintiff asserts that, as a direct result of Defendant's conduct, he experienced prolonged physical pain, anxiety, humiliation, emotional distress, and psychological trauma while his condition remained unassessed. *Id.* at 3.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Because Plaintiff was a pretrial detainee at the relevant time, the Fourteenth Amendment's objective unreasonableness standard applies to his allegation that Defendant failed to adequately respond to his complaints of chest pain and difficulty breathing. Under this standard, once a pretrial detainee shows that a jail official's failure to act was purposeful and intentional, the sole question is an objective one: Did the defendant "take

3

reasonable available measures to abate the risk of serious harm?" *Pittman v. Madison Cty.*, 108 F.4th 561, 566, 572 (7th Cir. 2024). "The objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable [jail official] in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570. Thus, to state a claim under the Fourteenth Amendment standard, a plaintiff must allege that (1) the defendant acted purposefully, knowingly, or perhaps even recklessly, without regard to his subjective awareness of the risk of inaction and (2) the defendant's response to the medical condition was objectively unreasonable. *Id.* at 570–72. With this standard in mind, the Court will allow Plaintiff to proceed on a Fourteenth Amendment claim against Defendant based on his allegation that Defendant delayed providing care and refused to treat Plaintiff's emergent condition.

**IT IS THEREFORE ORDERED** that the clerk's office update the caption to reflect that the defendant's name is Jeffrey Gruenke.

**IT IS FURTHER ORDERED** that the clerk's office terminate Milwaukee County Sheriff Denita Ball as a defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of Plaintiff's second amended complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, the defendant shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

4

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Green Bay, Wisconsin on March 20, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

5