LAWRENCE HOWARD,

       Plaintiff,

vs.                             Case No. 25-CV-1996

JEFFREY GRUENKE,

       Defendant.

## DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

**NOW COMES** the Defendant, Jeffrey Gruenke, by and through his attorneys, Kopka Law Group, and hereby submits her Answer to Plaintiff's Second Amended Complaint as follows:

### ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
### PER COURT'S MERIT REVIEW ORDER
### (Dkt. 14)

1.  That Jeffrey Gruenke violated Plaintiff's Fourteenth Amendment Constitutional rights by delaying providing care and refusing to treat Plaintiff's emergent condition on June 18, 2025.

    **ANSWER: Denies.**

2.  That Jeffrey Gruenke otherwise allegedly violated Plaintiff's Constitutional rights through deliberate indifference or objectively unreasonable treatment.

    **ANSWER: Denies.**

**Any and all other allegations brought by Plaintiff that are not otherwise answered above are hereby DENIED in their entirety. Defendant denies that Plaintiff is entitled to any relief requested or otherwise.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim against upon which relief may be granted.

2. The Defendant acted in good faith with the good faith belief that her actions were necessary and reasonable for the discharge of the duties and obligations of her positions.

3. Plaintiff's injuries, as alleged, are the result of pre-existing injuries or natural disease progression beyond the control of, and unrelated to the acts, omissions, or conduct of any defendant.

4. Plaintiff did not have a serious medical need at any time relevant to this litigation.

5. Upon information and belief, Plaintiff is barred from pursuing this legal action because he failed to exhaust all administrative remedies available to him as required by federal and state law.

6. That Plaintiff's claims are barred by the statute of limitations.

7. All damages Plaintiff alleges to have sustained are barred by and contrary to public policy.

8. The Defendant may be entitled to qualified or absolute immunity.

9. The Defendant did not act with deliberate indifference or act objectively unreasonable at any time relevant to this action.

10. That Plaintiff has failed to acquire personal jurisdiction over Defendant by virtue of failing to properly effectuate service of process of the Summons and Complaint upon him.

11. The Defendant reserves the right to amend this answer and assert additional defenses as discovery proceeds.

## PRAYER FOR RELIEF

**WHEREFORE**, the Defendant prays for judgment against Plaintiff, as follows:

1.      That judgment be awarded in his favor and against Plaintiff, and that the Complaint be dismissed with prejudice;

2.      That Defendant be awarded his costs of suit;

3.      That Defendant be awarded reasonable attorneys' fees as may be determined by this Court; and

4.      For such other and further relief as the Court shall deem just and proper.

**JURY DEMAND**

**DEFENDANT HEREBY DEMANDS TRIAL BY JURY.**

Dated this 24th day of April, 2026.

KOPKA LAW GROUP
*Attorneys for Defendant, Jeffrey Gruenke*

By:    */s/ Herschel B. Brodkey*
        Herschel B. Brodkey
        State Bar No. 1117719

P.O. ADDRESS:
N19W24400 Riverwood Dr, Suite 260
Waukesha, WI 53188-1191
(414) 251-0320; Fax: (847) 549-9636
hbbrodkey@kopkalaw.com