UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE HOWARD,

        Plaintiff,

vs.                            Case No. 25-CV-1996

JEFFREY GRUENKE,

        Defendant.

## DINGMAN DECLARTION IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

STATE OF WISCONSIN   )
                        ) SS
MILWAUKEE COUNTY   )

I, John Dingman, declare pursuant to 28 U.S.C. § 1746, and under penalty of perjury that the following is true and correct:

1.     I am an adult resident of the State of Wisconsin.

2.     I base this declaration on my personal knowledge of the facts and circumstances attested to herein and my review of relevant records of Milwaukee County, which records are kept in the ordinary course of business.

3.     I was hired by the Milwaukee County Sheriff's Office (the "MCSO") as a corrections officer on February 13, 2017, assigned to work at the Milwaukee County Jail (the "Jail"). During Lawrence Howard's ("Plaintiff") incarceration, I was employed as a Corrections Lieutenant, assigned to lead the Special Projects team at the Jail.

4.     The Jail's Special Projects Unit is responsible for, among other things, receiving and responding to occupant grievances (defined below) submitted on the Jail's electronic kiosk system pursuant to the Jail's grievance process (defined below).

5.     Plaintiff was detained at the Jail from June 16, 2025, through June 20, 2025 (the "relevant time period").

6.     During the relevant time period, if an occupant wished to make a formal complaint at the Jail concerning health, welfare, facility operations, inmate services, or to address an issue of oppression or misconduct by an employee (collectively, a "grievance"), the occupant was required to document and submit the grievance by following the Jail's grievance process (described below).

7.     The grievance process is set forth in the Milwaukee County Jail Occupant Handbook. Attached hereto as **Exhibit 1** is true and correct copy of the version of the Occupant Handbook in effect during the relevant time period ("Occupant Handbooks").

8.     At all times relevant to Plaintiff's detention, the Occupant Handbook was available to occupants in three ways. It was electronically accessible by logging into one of two kiosks located on each housing unit in the Jail. In addition, a hard copy of the Occupant Handbook is posted in a central location on the wall of each housing unit for quick and easy access by the occupants residing therein. Also, the Occupant Handbook is stored on occupant tablets, which are similar to common handheld tablets but contain specialized content and services for an occupant's use within the Jail. All occupants who do not have court-ordered communication restrictions or disciplinary sentences receive a tablet if they are assigned to general population housing units. Plaintiff had a tablet during his incarceration.

9.     At all times relevant, the proceeding paragraphs describe what has always been true about grievance procedure.

10. To start the grievance process, an occupant was required to submit a grievance through the kiosk. An occupant logs into the kiosk and follows the prompts on the screen for grievances which include being presented with subcategories to identify the general topic of the grievance. The occupant describes the grievance by typing into the text box on the screen.

11. Once the occupant submits the grievance, it is assigned a request number and is placed in a queue within Request Manager – the staff system with which the kiosks communicate – and it cannot be removed or deleted from either system.

12. Occupant grievances about policies and procedures at the Jail are reviewed by the Special Projects Team.

13. Occupant grievances about any healthcare issue including mental health are reviewed, investigated, and responded to using the electronic kiosk system by Wellpath.

14. Based upon the initial review of a grievance, the reviewer (whether the Jail or Wellpath staff, as the case may be) investigates the grievance and enters a response into the electronic kiosk system (including potentially asking the occupant for additional information for the investigation); or may forward the grievance to other Jail staff for additional information; or may re-categorize the grievance to the appropriate Jail staff or to Wellpath to investigate and respond.

15. Both healthcare and non-healthcare responses to the grievances are submitted into the electronic kiosk system and the supervisor over the Special Projects team or a designee reviews the response to determine if it adequately addresses the grievance. If approved, the grievance is identified as "closed" in the electronic kiosk system.

16. Once the response is approved and closed, the occupant is able to electronically view the grievance response via the Kiosk.

17. At the relevant times, if an occupant was dissatisfied with the response and wished to appeal it, he or she could submit an appeal by selecting the "appeal" option on the kiosk screen and typing in the basis for the appeal.

18. With respect to non-healthcare matters, a lieutenant or the next person in the chain of command makes a determination regarding the appeals. With respect to healthcare matters, either the Director of Nursing or the Health Services Administrator makes a decision regarding appeals.

19. The response to an occupant's appeal is entered into the electronic kiosk system, and the supervisor over the Special Projects team or a designee reviews the determination to ensure it adequately addresses the appeal.

20. If the appeal determination is approved and closed, the occupant is able to electronically view it via the kiosk.

21. At the relevant times, if an occupant remained dissatisfied with the response to his appeal, he or she could file a second appeal—again, using the electronic kiosk system.

22. An occupant's second appeal is final and completes the Jail's grievance process.

23. Again, at all times relevant, an occupant could electronically view the response to his second level appeal on the Jail Kiosk.

24. Jail staff and officers are trained and will assist occupants with the grievance process upon request. Lieutenants conduct daily rounds of each housing unit so they are available to respond to occupants' questions about the grievance process.

25. If an occupant was released or transferred from the Jail within the time window to file a grievance, the Jail required occupants to complete the grievance process via U.S. mail to exhaust administrative remedies.

26. Plaintiff did not submit any grievances or grievance appeals during his detention.

27. Plaintiff did not submit any grievances or grievance appeals via U.S. mail after this release.

28. Accordingly, Plaintiff did not initiate and complete the Jail's grievance process for any issue at the Jail.

> Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on June 2nd, 2026.
>
> s/ _____ Lt Dingman #19
> JOHN DINGMAN