UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE HOWARD,

                  Plaintiff,

vs.                                              Case No. 25-CV-1996

JEFFREY GRUENKE,

                  Defendant.

## DEFENDANT'S PROPOSED FINDINGS OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

**NOW COMES** the Defendant, Jeffrey Gruenke, by and through his attorneys, Kopka Law Group, and hereby submits the following Proposed Findings of Fact in Support of his Motion for Summary Judgment for Failure to Exhaust Administrative Remedies.

## THE PARTIES

1.      Plaintiff Lawrence Howard ("Plaintiff") was detained or otherwise incarcerated in Milwaukee County Jail (the "Jail") from June 16, 2025, through June 20, 2025. (Dkts. 1, 5, 6, 13, 14; Dingman Dec. at ¶ 5.)

2.      At all times relevant to Plaintiff's claims against her, Jeffrey Gruenke ("Nurse Gruenke") was a provider in the Jail's health services unit. (Dkts. 1, 5, 6, 13, 14.)

## PROCEDURAL HISTORY

3.      Plaintiff filed the operative Second Amended Complaint on March 10, 2026. (*See* Dkt. 13.)

4. In his Second Amended Complaint, Plaintiff brought a Constitutional claim against Nurse Gruenke. (Dkts. 13, 14.)

5. The Court screened Plaintiff's Second Amended Complaint and allowed him to proceed on a Fourteenth Amendment claim against Nurse Gruenke on the allegation that he violated Plaintiff's Constitutional rights by allegedly delaying providing care and allegedly refusing to treat Plaintiff's emergent condition on June 18, 2025. (Dkt. 14.)

## CHRONOLOGY OF RELEVANT EVENTS

### A. Milwaukee County Jail's Administrative Process for Grievances.

6. At all times relevant to Plaintiff's detention, the administrative process for addressing occupant complaints was the occupant grievance process. (Dingman Dec., ¶ 6.)

7. At all times relevant to Plaintiff's detention, to make a formal complaint at the Jail concerning health, welfare, facility operations, inmate services, or to address an issue of oppression or misconduct by an employee, an inmate was required to submit a "grievance". (Dingman Dec., ¶ 6.)

8. At all times relevant to Plaintiff's detention, he was always required to submit Jail grievances on an electronic database known as the Jail Kiosk. (Dingman Dec., ¶¶ 6-10.)

9. At all times relevant to Plaintiff's detention, the Jail's grievance process was delineated in the Occupant Handbook. (Dingman Dec., ¶¶ 6-10.)

10. At all times relevant to Plaintiff's detention, the Handbook was always available to occupants in three ways. It was electronically accessible by logging into the Jail kiosk; a hard copy of the Handbook was posted in a central location on the wall of each housing unit; and a Handbook was stored on occupant tablets, which are similar to common handheld tablets but contain specialized content and services for an occupant's use within the Jail. (Dingman Dec., ¶ 8.)

11. Once the inmate submits his or her grievance, it is assigned a request number and cannot be removed or deleted from the system. (Dingman Dec., ¶ 11.)

12. Based upon the initial review of the grievance, the reviewing staff member could respond to the grievance, forward the grievance to other staff for additional information, send the grievance back to the inmate to ask for further information to better facilitate an investigation, or re-categorize the grievance to a different area to better facilitate the investigation and enable the proper individuals to respond to that particular grievance, such as medical staff. (Dingman Dec., ¶ 14.)

13. After the investigation into the allegations asserted in the grievance was complete and a response was entered into the Inmate Request Manager System, the supervisor over the Special Projects team or a designee reviews the response to determine if it adequately addresses the issue raised by the inmate. If approved, the grievance is closed in the system. (Dingman Dec., ¶¶ 14-16.)

14. Once the response is approved, the inmate is able to electronically view the grievance response via the Kiosk. (Dingman Dec., ¶¶ 15-16.)

15. If an inmate wanted to appeal a grievance response, he or she can do so by selecting the appeal option directly on the Kiosk screen. (Dingman Dec., ¶ 17.)

16. The response to the appeal is entered into the electronic Kiosk system and, again, electronically visible by the inmate. (Dingman Dec., ¶¶ 19-20.)

17. If an inmate does not receive a response to a grievance, the grievance is deemed to be denied/closed, and the inmate must appeal the grievance within 28 days of the filing of the grievance. (Dingman Dec., ¶ 7, Ex. 1 at pp. 3-4.)

18.     If the inmate remains unsatisfied by the grievance response, he or she may appeal the grievance one final time. (Dingman Dec., ¶ 21.)

19.     This second appeal is final. (Dingman Dec., ¶ 22.)

20.     All times relevant to Plaintiff's detention at Milwaukee County Jail, the Jail had the above-described two-level appeal process in place. (Dingman Dec., ¶¶ 7-9.)

21.     If an inmate was released or transferred form the Jail within the time window to file a grievance, the Jail required inmates to complete the grievance process via U.S. mail to exhaust administrative remedies. (Dingman Dec., ¶ 25.)

22.     The Handbook states in relevant part:

> Inmates transferred to another institution or released from custody after an incident but before filling a grievance, may file the grievance to the MCSO for investigation and the reviewing authority will still issue a decision. Grievances shall be filed in writing to:
>
> > Milwaukee County Jail
> > c/o Special Projects
> > 949 N. 9th St.
> > Milwaukee, WI 53223
>
> The grievance must be post-marked within 7 days of the incident that forms the basis for the grievance or it will not be considered.

(Dingman Dec., ¶ 7, Ex. 1 at p. 3.)

**B. Plaintiff Failed to Complete the Jail's Grievance Process.**

23.     During this detention at the Jail, Plaintiff did not file any grievances or grievance appeals. (Dingman Dec., ¶ 26.)

24.     Plaintiff also did not file any grievances or grievance appeals through U.S. mail after being release from the Jail. (Dingman Dec., ¶ 27.)

4

25.     Therefore, Plaintiff failed to initiate and complete the Jail's grievance process for any claim brought in this lawsuit. (Dingman Dec., ¶ 28.)

Dated this 3rd day of June, 2026.

KOPKA LAW GROUP
*Attorney for Defendant*

By:     /s/ *Herschel B. Brodkey*
Herschel B. Brodkey
State Bar No. 1117719

P.O. ADDRESS:
N19W24400 Riverwood Dr., Suite 260
Waukesha, WI 53188-1191
(414) 251-0320; (847) 549-9636 fax
hbbrodkey@kopkalaw.com