UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE HOWARD,

Plaintiff,

v.

Case No. 25-CV-1996

JEFFREY GRUENKE,

Defendant.

**ORDER**

Plaintiff Lawrence Howard is representing himself in this 42 U.S.C. § 1983 case. He is proceeding on a Fourteenth Amendment claim against Defendant Jeffrey Gruenke based on allegations that Defendant delayed providing medical care and refused to treat Plaintiff's symptoms of chest pain and difficulty breathing.

On June 3, 2026, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies before filing this lawsuit. (ECF No. 30.) Defendant also filed a motion to stay discovery on the merits pending a decision on his motion for summary judgment. (ECF No. 34.) Defendant's motion to stay is granted. Discovery on the merits is stayed pending a decision on Defendant's motion for summary judgment on exhaustion grounds.

Also on June 3, 2026, Plaintiff filed a second motion to appoint counsel and a motion for a temporary stay. (ECF No. 28.) Plaintiff filed his first motion to appoint counsel on May 18, 2026. The Court denied the motion on May 20, 2026, concluding that in light of Plaintiff's abilities and the nature of his claims, the case did not warrant court-recruited counsel. (ECF No. 27.) In

this motion, Plaintiff does not provide the Court with any information about his general competence. Instead, he asserts that he lacks the education, training, and litigation experience necessary to adequately protect his interests and litigate this case. The difficulties Plaintiff claims are the same difficulties any litigant would have representing himself, and they do not justify the extraordinary measure of having the Court recruit private counsel.

All that Plaintiff must do at this point in the proceedings is respond to Defendant's motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. The issue raised in Defendant's motion for summary judgment is narrow and will turn on Plaintiff's personal knowledge of what actions he took to exhaust administrative remedies before he filed this lawsuit. Plaintiff can identify which facts asserted by Defendant are in dispute and place them before the Court in the form of an unsworn declaration under penalty of perjury. *See* 28 U.S.C. § 1746. Nothing in Plaintiff's filings suggests that he is unable to respond to a motion for summary judgment on exhaustion grounds. Plaintiff's filings have been clear and coherent, and Plaintiff appears to understand the Court's orders. For these reasons, the Court continues to find that Plaintiff has the capacity to represent himself at this stage of the litigation. Accordingly, Plaintiff's second motion to appoint counsel is denied without prejudice.

Plaintiff also requests that the Court temporarily stay proceedings to allow him to secure counsel. Plaintiff has not shown good cause to stay the case. Plaintiff filed this case nearly six months ago, and Defendant is entitled to timely resolution of the claims against him. If Plaintiff believes he needs more time to respond to Defendant's motion for summary judgment on exhaustion grounds, he may file a motion for an extension of time. If Plaintiff files such a motion, he should explain why he needs more time and how much additional time he thinks he needs.

2

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery on the merits (ECF No. 34) is **GRANTED**. Discovery on the merits is stayed pending a decision on Defendant's motion for summary judgment on exhaustion grounds.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel and for a limited stay (ECF No. 28) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin on June 4, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

3