**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

Lawrence Howard,

Plaintiff,

v. Case No. 25-CV-1996

Jeffrey Gruenke,

Defendant.

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 JUN -5 A 9: 09

CLERK OF COURT

**PLAINTIFF'S MOTION TO STAY SUMMARY JUDGMENT RESPONSE OBLIGATIONS PENDING RESOLUTION OF PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Lawrence Howard respectfully moves this Court for an Order staying his obligation to respond to Defendant's Motion for Summary Judgment pending resolution of Plaintiff's Renewed Motion for Appointment of Counsel.

**INTRODUCTION**

I respectfully submit this Motion because I am presently unable to meaningfully respond to Defendant's Motion for Summary Judgment without substantial risk of prejudice to my rights.

I understand that Defendant has filed a dispositive motion and that a response is required. However, I do not possess the legal training necessary to adequately understand and comply with the procedural and evidentiary requirements governing summary judgment practice in federal court. Recognizing those limitations, I previously sought appointment of counsel and thereafter filed a Renewed Motion for Appointment of Counsel, which remains pending before this Court.

This Motion is not submitted for purposes of delay. Rather, it is submitted to ensure that this matter is resolved on its merits and not through procedural forfeiture resulting from my inability to adequately navigate the requirements of Federal Rule of Civil Procedure 56 without legal assistance.

**FACTUAL BASIS**

1. I am proceeding without counsel and have no formal legal education, legal training, or litigation experience.
2. I have diligently attempted to prosecute this action and comply with the Court's orders.
3. I previously moved for appointment of counsel and subsequently filed a Renewed Motion for Appointment of Counsel, which remains pending before this Court.

4. Defendant has filed a Motion for Summary Judgment together with supporting materials, including a supporting brief, declaration, and proposed findings of fact.
5. I understand that summary judgment is a critical stage of the litigation and that failure to properly respond may result in dismissal of some or all of my claims.
6. I do not fully understand the procedural and evidentiary requirements necessary to properly oppose summary judgment, including the requirements governing responses to proposed findings of fact, admissible evidence, declarations, record citations, and the standards imposed by Federal Rule of Civil Procedure 56.
7. Because of these limitations, I am concerned that any response submitted at this stage may inadvertently fail to present evidence properly, fail to dispute material facts adequately, or otherwise prejudice my ability to obtain a fair determination on the merits.
8. My inability to adequately respond is not the result of bad faith, neglect, or a lack of diligence. Rather, it arises from my lack of legal training and my pending request for legal representation.

**ARGUMENT**

Federal Rule of Civil Procedure 6(b) authorizes the Court to extend deadlines for good cause.

Good cause exists here.

Defendant has filed a dispositive motion that may determine the outcome of this litigation. At the same time, my Renewed Motion for Appointment of Counsel remains pending, and I lack the legal training necessary to adequately understand and comply with the procedural and evidentiary requirements governing summary judgment practice.

The consequences of an inadequate response to summary judgment are significant. Claims may be dismissed not because they lack merit, but because procedural requirements were misunderstood or not properly satisfied. I respectfully submit that the interests of justice favor allowing resolution of my pending request for counsel before requiring me to respond to a dispositive motion that may determine the outcome of this case.

This request is narrowly tailored, made in good faith, and intended to preserve the fair adjudication of the claims before the Court. Granting this Motion will not unfairly prejudice Defendant. Denying this Motion, however, may substantially prejudice my ability to fairly present my claims and evidence.

I expressly preserve and do not waive any claim, cause of action, factual allegation, legal argument, objection, right, remedy, or request for relief asserted in this action. Nothing contained in this Motion shall be construed as a concession of Defendant's Motion for Summary Judgment, an admission of any asserted fact, a waiver of any disputed issue, or an abandonment of my intent to continue diligently prosecuting this matter. I intend to continue pursuing this action through all appropriate proceedings and seek only a fair opportunity to do so with a sufficient understanding of the governing procedural and evidentiary requirements.

Under these circumstances, a stay is warranted.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Lawrence Howard respectfully requests that this Court:

**A.** Stay Plaintiff's obligation to respond to Defendant's Motion for Summary Judgment pending resolution of Plaintiff's Renewed Motion for Appointment of Counsel;

**B.** Suspend any deadlines associated with Plaintiff's response to Defendant's Motion for Summary Judgment until the Court has ruled on Plaintiff's Renewed Motion for Appointment of Counsel;

**C.** Decline to deem Defendant's Proposed Findings of Fact admitted, undisputed, or conceded during the pendency of the requested stay;

**D.** Direct that no adverse inference be drawn from Plaintiff's inability to submit a substantive summary judgment response while Plaintiff's Renewed Motion for Appointment of Counsel remains pending;

**E.** Find that Plaintiff has demonstrated good cause under Federal Rule of Civil Procedure 6(b) for the relief requested herein;

**F.** Preserve Plaintiff's ability to fully present his claims, evidence, arguments, objections, rights, remedies, and requests for relief in accordance with applicable law;

**G.** Confirm that this Motion shall not be construed as a waiver, abandonment, forfeiture, concession, admission, or relinquishment of any claim, cause of action, factual allegation, legal argument, objection, right, remedy, or request for relief asserted by Plaintiff in this action; and

**H.** Grant such other and further relief as the Court deems just and proper.

Dated: 06/05/2026.

Respectfully submitted,

**Lawrence Howard**

Plaintiff, Pro Se

1345 N. Jefferson Street, Apt. 164

Milwaukee, WI 53202