

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**LAWRENCE HOWARD,**
Plaintiff,

v. Case No. 25-CV-1996

**JEFFREY GRUENKE,**
Defendant.

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 JUN 16 A 8: 30

CLERK OF COURT

## RENEWED MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff Lawrence Howard respectfully renews his request for recruitment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

In support of this motion, Plaintiff states as follows:

1. Plaintiff is proceeding pro se and is unable to afford counsel.
2. Plaintiff has no formal legal education, legal training, or experience litigating federal civil rights cases.
3. Plaintiff has made good-faith efforts to pursue this matter and comply with the Court's orders and deadlines.
4. Defendant has filed a dispositive Motion for Summary Judgment seeking dismissal of Plaintiff's case based upon alleged failure to exhaust administrative remedies under the Prison Litigation Reform Act.
5. Plaintiff is being required to respond to legal arguments, procedural requirements, declarations, institutional records, and summary judgment materials involving legal principles and procedures beyond Plaintiff's knowledge and experience.
6. The issues presented involve federal procedural rules, the Prison Litigation Reform Act, exhaustion requirements, evidentiary standards, and summary judgment practice, all of which are areas in which Plaintiff has no professional training or expertise.
7. Resolution of the issues raised by Defendant requires analysis of jail policies, grievance procedures, inmate handbooks, institutional records, declarations, and applicable legal authority.
8. Plaintiff's claims involve events that occurred while incarcerated at Milwaukee County Jail and include issues concerning medical care, conditions of confinement, access to grievance procedures, and the availability of administrative remedies.
9. Plaintiff believes relevant evidence may include grievance records, kiosk records, tablet assignment records, housing records, medical records, surveillance footage, institutional policies, and testimony from correctional staff and other witnesses.
10. Plaintiff lacks the legal training and resources necessary to adequately investigate, obtain, analyze, and present such evidence.

11. Plaintiff respectfully submits that recruitment of counsel would materially assist both Plaintiff and the Court by ensuring that the relevant facts, evidence, legal arguments, and procedural issues are properly presented.
12. Plaintiff further submits that the interests of justice would be served by the recruitment of counsel due to the complexity of the factual and legal issues involved in this matter.
13. Plaintiff respectfully requests that this case be resolved on its merits rather than upon Plaintiff's inability to effectively litigate complex legal issues without legal representation.

WHEREFORE, Plaintiff respectfully requests that the Court recruit counsel to represent Plaintiff in this matter and grant such other and further relief as the Court deems just and proper.

Dated:06- 16-2026

Respectfully submitted,

**Lawrence Howard**
Plaintiff, Pro Se