UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 JUN 16 A 8: 29

CLERK OF COURT

LAWRENCE HOWARD,

Plaintiff,

v. Case No. 25-CV-1996

JEFFREY GRUENKE,

Defendant.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Lawrence Howard, proceeding pro se, respectfully submits this Response in Opposition to Defendant's Motion for Summary Judgment.

## INTRODUCTION

Defendant seeks summary judgment on the ground that Plaintiff allegedly failed to exhaust administrative remedies before filing suit. Summary judgment should be denied because genuine disputes of material fact exist regarding whether administrative remedies were actually available to Plaintiff during his incarceration and immediately following his release.

The Defendant's motion assumes that Plaintiff had meaningful access to the grievance process and knowingly failed to utilize it. Plaintiff disputes those assertions. Plaintiff's detention was brief, Plaintiff was experiencing a medical emergency, Plaintiff lacked meaningful access to grievance resources, Plaintiff requested assistance from correctional staff and was not assisted, and Plaintiff was never informed of the post-release grievance procedure Defendant now relies upon.

Plaintiff did not knowingly ignore or bypass the grievance process. Rather, Plaintiff attempted to locate and use the grievance system, requested assistance from staff, lacked meaningful access to grievance resources, and was never informed of the post-release grievance procedure Defendant now relies upon.

## STATEMENT OF FACTS

Plaintiff was incarcerated at Milwaukee County Jail beginning on June 16, 2025.

Plaintiff remained in the booking process from approximately 4:00 p.m. on June 16, 2025 until approximately 7:00 p.m. to 8:00 p.m. on June 17, 2025 before being assigned housing.

During the booking process, Plaintiff was housed in overcrowded conditions with approximately 13 to 14 individuals in a small holding cell. The cell contained only one toilet and two small concrete slabs. Plaintiff was not provided proper bedding and was forced to rest on a concrete surface. Plaintiff received little food or water and was not properly fed for approximately 20 to 24 hours.

After being assigned housing, Plaintiff was frequently confined to his cell for extended periods, often approximately 26 to 28 hours at a time, significantly limiting his ability to access jail resources, staff assistance, kiosks, and grievance procedures.

Although inmates in Plaintiff's housing unit were generally issued tablets, Plaintiff was not assigned a tablet. As a result, Plaintiff had fewer means of accessing jail information and procedures than other inmates.

On June 18, 2025, Plaintiff experienced chest pain, shortness of breath, and symptoms that Plaintiff believed constituted a medical emergency. Plaintiff repeatedly requested medical attention.

During the morning hours of June 19, 2025, at approximately 7:00 a.m., Plaintiff was transported for chest x-rays following his requests for medical attention.

Plaintiff attempted to locate and utilize the grievance process but did not understand how to properly navigate the kiosk system. Plaintiff searched the available options but could not locate the grievance process.

Plaintiff requested assistance from Correctional Officer Jordan Johnson regarding how to file a grievance. Officer Johnson did not assist Plaintiff and instead assisted other inmates.

Plaintiff was not provided meaningful assistance regarding the grievance procedure and did not understand how to properly file a grievance through the kiosk system.

Plaintiff was released from Milwaukee County Jail on June 20, 2025.

Plaintiff was never informed that grievances could be filed by mail after release. Plaintiff was never informed of any seven-day mailing deadline. Plaintiff was never advised that mailing a grievance after release was required in order to exhaust administrative remedies.

Plaintiff did not possess a copy of the inmate handbook after release and did not have knowledge of the post-release grievance procedure Defendant now cites.

Following his release, Plaintiff faced immediate housing instability and lacked access to many of his personal belongings. Plaintiff's vehicle was unavailable and damaged, Plaintiff lacked stable housing, clothing, and basic necessities, and Plaintiff was required to secure shelter, food,

transportation, and personal belongings before he could begin addressing legal and administrative matters.

Despite these circumstances, Plaintiff pursued complaints regarding the events underlying this lawsuit after his release.

**ARGUMENT**

The Prison Litigation Reform Act requires exhaustion only of administrative remedies that are actually available to an inmate.

Defendant relies primarily upon the existence of a written grievance procedure and the inmate handbook. However, the existence of a written procedure does not establish that the procedure was actually available to Plaintiff under the circumstances of this case.

Plaintiff was held in booking for an extended period under restrictive conditions, was not assigned a tablet, was frequently confined to his cell for extended periods, was experiencing serious medical symptoms, could not locate the grievance process through the kiosk system, and requested assistance from correctional staff but was not provided assistance.

Plaintiff's confinement conditions, including prolonged lock-in periods, lack of a tablet, inability to access grievance information, inability to locate the grievance function on the kiosk, and denial of assistance from Officer Jordan Johnson, are directly relevant to whether administrative remedies were actually available.

Additionally, Plaintiff was never informed that he was required to file a grievance by mail after release and was never informed of any seven-day mailing deadline. Defendant's argument assumes Plaintiff possessed knowledge of a procedure that Plaintiff was never told existed.

A reasonable factfinder could conclude that administrative remedies were not actually available to Plaintiff. At minimum, these facts create genuine disputes regarding whether administrative remedies were available and whether Plaintiff had a meaningful opportunity to utilize the grievance process.

Because genuine disputes of material fact exist, Defendant is not entitled to judgment as a matter of law.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion for Summary Judgment and allow this matter to proceed on the merits.

Dated: 06/16/2026

Respectfully submitted,

**Lawrence Howard**