LAWRENCE HOWARD,

      Plaintiff,

vs.                                Case No. 25-CV-1996

JEFFREY GRUENKE,

      Defendant.

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

**NOW COMES** the Defendant, Jeffrey Gruenke, by and through his attorneys, Kopka Law Group, and hereby submits his reply brief in support of motion for summary judgment as follows:

### **INTRODUCTION**

Plaintiff Lawrence Howard ("Plaintiff") filed this lawsuit against Milwaukee County Jail health service provider, Jeffrey Gruenke ("Nurse Gruenke"). (Dkts. 1, 5. 6, 13, 14.) Plaintiff alleges that Nurse Gruenke violated his Constitutional rights by allegedly delaying providing care and allegedly refusing to treat Plaintiff's emergent condition on June 18, 2025. (Dkt 1; Dkt. 16; Dkt 20.) On June 3, 2026, Nurse Gruenke filed a motion for summary judgment and supporting materials on account of Plaintiff's failure to exhaust administrative remedies. (Dkts. 30-33.) On June 16, 2026, Plaintiff filed a response to Nurse Grunke's motion for summary judgment. (Dkts. 41, 42.)

Reviewing Plaintiff's response, it fails to conform to the local rules pertaining to the requirements that a party must adhere to in responding to a motion for summary judgment. On this point alone, Nurse Gruenke is entitled to summary judgment. Putting aside Plaintiff's procedural

failures, Plaintiff has failed to create an issue of material fact sufficient to avoid summary judgment for his failure to exhaust the administrative remedies available to him.

## ARGUMENT

## I.    PLAINTIFF'S RESPONSE VIOLATES THE LOCAL RULES

Plaintiff's response to Defendant's motion for summary judgment fails to address any of Nurse Gruenke's Proposed Findings of Fact in Support of Summary Judgment. (Dkts. 41, 42.) The local rules required Plaintiff to include in his response to Nurse Gruenke's motion for summary judgment "a concise response to the moving party's statement of facts…" that must include "a reproduction of each numbered paragraph in the moving party's statement of facts followed by response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon,…" Civ. L.R. 56(b)(2)(B). Plaintiff has not responded to any of the Defendant's proposed findings of fact. (Dkts. 41, 42); *see* Civ. L.R. 56(b)(2)(A).

Plaintiff's failure to follow the Court's rules related to opposition to a motion for summary judgment should result in a finding made by this Court that each proposed fact submitted in support of Nurse Gruenke's motion for summary judgment is deemed admitted for the purpose of summary judgment. *See, e.g., Massey v. Jaeger*, No. 20-CV-962, 2020 WL 7401619, at *1 (E.D. Wis. Dec. 17, 2020) (citing *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[W]e have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."). As a result, the Court need only determine whether, based upon the undisputed material facts as presented by Nurse Gruenke, summary judgment in this case is warranted. *See* Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if

2

the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it…"). As demonstrated in Nurse Gruenke's motion for summary judgment and supporting materials, the undisputed facts entitle Nurse Gruenke to summary judgment on account of exhaustion of administrative remedies. (Dkts. 30-33.)

## II. PLAINTIFF FAILED TO EXHAUST THE AVAILABLE ADMINISTRATIVE REMEDIES.

Putting aside Plaintiff's procedural rules, Plaintiff's response fails to create an issue of material fact sufficient to avoid summary judgment. In his response, Plaintiff does **not** contest any of the following facts:

1) At all times during his detention, Plaintiff had a copy of the Inmate Handbook delineating the Jail's grievance procedure (Dkt. 33 at ¶ 10; Dkt. 41 at p. 2.);

2) At all times relevant, Plaintiff was aware of the Jail's grievance procedure (Dkts. 41, 42 (detailing that he knew that he needed to utilize the grievance procedure);

3) At all times relevant, the Inmate Handbook required released or transferred inmates to file grievances via U.S. mail to complete the grievance process via U.S. mail to exhaust administrative remedies (Dkt. 33 at ¶ 22);

4) At all times relevant, Plaintiff was informed and knew that if the electronic Kiosk system was unavailable for any reason, Plaintiff could request a paper grievance form from housing officers (Dkt. 32-1 at 3); and,

5) At all times relevant, Plaintiff was informed and knew that if he had any questions regarding the grievance process or exhaustion of administrative remedies, he was to seek help from the housing officer or Jail advocate. (Dkt. 32-1 at 3.)

Fully aware of the Jail's grievance process, Plaintiff **admits** that he did not complete the Jail's grievance procedure. (*See generally* Dkts. 41, 42.) Recognizing that such a fact is fatal to this lawsuit, Plaintiff attempts to excuse his failure to complete the Jail's grievance procedure by arguing that the procedure was not available to him. (*Id.*) He supports this argument by claiming that he did not "understand how to properly navigate the kiosk system". (Dkt. 41 at p. 2.) Without

any evidence, Plaintiff claims that he made a single attempt to seek help from a correctional officer on how to use the kiosk—but the officer did not assist him. (*Id.*) Further, Plaintiff claims that he "never informed that grievances could be filed by mail after release". (*Id.*)

As to Plaintiff's claim that he did not "understand how to properly navigate the kiosk system", even if that were true, that does not render the grievance process unavailable. *See Edmonson v. Rosenau*, No. 22-CV-113, 2024 U.S. Dist. LEXIS 95931, at *10 (E.D. Wis. May 30, 2024) ("Although Edmonson argues that it was unclear how to properly appeal, '[t]he PLRA does not excuse a failure to exhaust based on a prisoner's ignorance of administrative remedies, so long as the prison has taken reasonable steps to inform the inmates about the required procedures.'") (quoting *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018).) Moreover, Plaintiff does not allege to have taken any measures to understand the kiosk system beyond requesting help from a correctional officer on a single isolated occasion. Plaintiff did not attempt to file any written grievances, send in a written or electronic inmate request, or request help from any other inmates or additional staff.

Turning to Plaintiff's claim that he was "never informed that grievances could be filed by mail after release", this is factually untrue—even on Plaintiff's own admission. Plaintiff admits that he received a copy of the Inmate Handbook that delineated the Jail's grievance procedure, including the requirement that released and transferred inmates exhaust administrative remedies via mail. The Seventh Circuit is clear that an inmate cannot plead ignorance to the grievance procedure when it is unambiguously articulated in an inmate handbook available to inmates. *Ramirez*, at 538. An inmate's subjective unawareness of a grievance procedure does not excuse his non-compliance. *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)

Therefore, on Plaintiff's own admission, he received an Inmate Handbook delineating the

Jail's grievance procedure and that he knew he had to exhaust the Jail's grievance procedure prior to suit. However, Plaintiff failed to do so. Plaintiff's claimed unavailability of the grievance process is unsupported. Even if it were true that Plaintiff was unable to exhaust his administrative remedies within the Jail, he knew or should have known that he had the ability to complete the Jail's grievance procedure after his release from the Jail. But, again, he failed to do so. Thus, Plaintiff failed to exhaust his administrative remedies prior to suit. This lawsuit must be dismissed.

## <u>CONCLUSION</u>

For the aforementioned reasons, the Defendant respectfully requests the Court grant his motion for summary judgment, dismiss this action for Plaintiff's failure to exhaust his administrative remedies and award the Defendant his costs and disbursements of this action.

Dated this 22nd day of June, 2026.

**KOPKA LAW GROUP**
*Attorneys for Defendant*

By:___*/s/ Herschel B. Brodkey*_____
      Herschel B. Brodkey
      State Bar No. 1117719

P.O. ADDRESS:
N19W24400 Riverwood Dr, Suite 260
Waukesha, WI 53188-1191
(414) 251-0320; Fax: (847) 549-9636
hbbrodkey@kopkalaw.com