UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE HOWARD,

       Plaintiff,

       v.                           Case No. 25-CV-1996

JEFFREY GRUENKE,

       Defendant.

## DECISION AND ORDER

Plaintiff Lawrence Howard is representing himself in this 42 U.S.C. § 1983 action. On June 3, 2026, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies before bringing this lawsuit. On June 16, 2026, Plaintiff filed a motion to appoint counsel. For the following reasons, the Court will grant Defendant's motion for summary judgment, deny Plaintiff's motion to appoint counsel, and dismiss the case.

## BACKGROUND

At all times relevant to this action, Plaintiff was housed at the Milwaukee County Jail. He was detained at the Jail from June 16, 2025, to June 20, 2025. Plaintiff is proceeding on a Fourteenth Amendment claim against Defendant Jeffrey Gruenke based on his allegations that on June 18, 2025, Defendant delayed providing medical care and refused to treat Plaintiff's symptoms of chest pain and difficulty breathing.

The Milwaukee County Jail established the occupant grievance process to address occupant complaints. The Jail's grievance process was delineated in the Occupant Handbook. The Occupant Handbook is available to jail inmates in three ways: (1) it is electronically accessible by

logging into the Jail Kiosk; (2) a hard copy is posted in a central location on the wall of each housing unit; and (3) an electronic version is stored on jail inmate tablets. (ECF No. 33, ¶¶ 6, 9–10.)

At all times relevant to Plaintiff's detention, to make a formal complaint at the Jail concerning health, welfare, facility operations, or inmate services, or to address an issue of oppression or misconduct by an employee, an inmate must submit a "jail grievance" on the Jail Kiosk, an electronic database. Once the inmate submits a grievance, the grievance is assigned a request number and cannot be removed or deleted from the system. Based upon an initial review of the grievance, the reviewing staff member responds to the grievance, forwards the grievance to other staff for additional information, sends the grievance back to the inmate to ask for further information to better facilitate an investigation, or recategorizes the grievance to a different area to better facilitate the investigation and enable the proper individuals, such as medical staff, to respond to that particular grievance. After the investigation into the allegations asserted in the grievance is completed and the reviewing staff member enters a response into the Inmate Request Manager System, the supervisor over the Special Projects team or a designee reviews the response to determine if it adequately addresses the issue raised by the inmate. If approved, the grievance is closed in the system. Once the response is approved, the inmate is able to electronically view the grievance response via the Jail Kiosk. (*Id.* ¶¶ 7–8, 11–14).

An inmate must then appeal the grievance response by selecting the appeal option directly on the Jail Kiosk screen. The response to the appeal is entered into the Jail Kiosk and is electronically viewable by the inmate. If an inmate does not receive a response to a grievance, the grievance is deemed to be denied/closed, and the inmate must appeal the grievance within 28 days

of the filing of the grievance. If an inmate remains unsatisfied by the grievance appeal response, he must appeal the grievance one final time. This second appeal is final. (*Id.* ¶¶ 15–19.)

If an inmate is released or transferred from the Jail within the time to file a grievance, the individual must complete the grievance process via U.S. mail to exhaust administrative remedies. The Occupant Handbook provides:

> Inmates transferred to another institution or released from custody after an incident but before filing a grievance, may file the grievance to the MSCO for investigation and the reviewing authority will still issue a decision. Grievances shall be filed in writing to:
>
> Milwaukee County Jail
> c/o Special Projects
> 949 N. 9th St.
> Milwaukee, WI 53223
>
> The grievance must be post-marked within 7 days of the incident that forms the basis for the grievance or it will not be considered.

(*Id.* ¶¶ 21–22.)

During his detention at the Jail, Plaintiff did not file any grievances or grievance appeals. He also did not file any grievances or grievance appeals through the U.S. mail after being released from the Jail. (*Id.* ¶¶ 23–24.)

## LEGAL STANDARD

"A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law." *Hotel 71 Mezz Lender Ltd. Liab. Co. v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015) (citing Fed. R. Civ. P. 56(a)). The Court does not "weigh the evidence and determine the truth of the matter" but rather "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The movant has the burden to show that summary judgment is appropriate. *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021). The Court will "read the facts and draw all

reasonable inferences in the light most favorable to the non-moving party." *Flowers v. Kia Motors Fin.*, 105 F.4th 939, 945 (7th Cir. 2024) (citation omitted). Nonetheless, the non-movant must go beyond mere allegations and conclusions and instead support its contentions with proper documentary evidence. *Foster v. PNC Bank*, 52 F.4th 315, 320 (7th Cir. 2022); *Weaver*, 3 F.4th at 934. Speculation is insufficient to create a genuine dispute of material fact. *Id.* If the movant sustains its burden and shows both that there are no disputed material facts and that it is entitled to judgment as a matter of law, "[t]he court shall grant summary judgment . . . ." Fed. R. Civ. P. 56(a).

## ANALYSIS

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). That said, an inmate is not required to exhaust the administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Plaintiff does not dispute that he did not file any grievances related to his claim, as required by the grievance procedure. He argues, however, that the administrative remedies were unavailable to him. Plaintiff asserts that he attempted to locate and utilize the grievance process but did not understand how to properly navigate the Jail Kiosk system. "The PLRA does not

4

excuse a failure to exhaust based on a prisoner's ignorance of administrative remedies, so long as the prison has taken reasonable steps to inform the inmates about the required procedures." *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018) (citation omitted).

In this case, the Jail took reasonable steps to inform inmates about the required procedures through the Occupant Handbook. Plaintiff contends that he requested assistance from Correctional Officer Jordan Johnson, but Officer Johnson assisted other inmates and did not help Plaintiff. Yet, Plaintiff does not assert that he made any other attempts to request assistance to file a grievance. The fact that Plaintiff only asked one officer, who was assisting others at the time of the request, for help one time does not make the administrative remedies unavailable here. Although Plaintiff states that he was not assigned a tablet and thus had fewer means of accessing jail procedures than other inmates, he does not assert that he did not have access to the Occupant Handbook, which was made available electronically through the Jail Kiosk and posted as a hard copy on the wall of each housing unit and explained how to file a grievance. In short, Plaintiff has not shown that administrative remedies were unavailable to him while he was housed at the Jail.

Plaintiff also asserts that administrative remedies were unavailable to him because he was never informed that he could file a grievance by mail after his release. Again, an inmate's subjective unawareness of a grievance procedure does not excuse his noncompliance. *Id.* (citing *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)). In any event, Plaintiff does not dispute that the Occupant Handbook stated that released and transferred inmates must exhaust administrative remedies by mail or that he had access to the Occupant Handbook while he was housed at the Jail. In sum, administrative remedies were available to Plaintiff, but he did not pursue them.

Plaintiff maintains that, after he was released, he faced immediate housing instability and lacked access to many of his personal belongings. He asserts that he was required to secure shelter,

5

food, transportation, and personal belongings before he could begin addressing legal and administrative matters. While the Court appreciates the difficulties Plaintiff experienced after his release from custody, those difficulties do not excuse Plaintiff's failure to exhaust the available administrative remedies. Because Plaintiff did not exhaust the available administrative remedies, Defendant is entitled to summary judgment.

On June 6, 2026, along with his response to Defendant's motion for summary judgment, Plaintiff filed a renewed motion to appoint counsel. The Court will deny Plaintiff's renewed motion to appoint counsel for the reasons explained in its May 20, 2026, and June 4, 2026, orders. (ECF Nos. 27 & 37.) Plaintiff's response materials were thorough and well written, and the outcome of this case would not have been different had Plaintiff been represented by counsel.

### CONCLUSION

For these reasons, Defendant's motion for summary judgment (ECF No. 30) is **GRANTED**. Plaintiff's renewed motion to appoint counsel (ECF No. 40) is **DENIED**. This action is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin on July 14, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.